# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | No. 09-20152-01-KHV |
| JASON E. FRAZIER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Review of Detention Order (Doc. #15) filed December 22, 2009. On January 8, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On November 18, 2009, a grand jury charged defendant with kidnapping, possession of five grams or more of crack cocaine with intent to distribute, brandishing a firearm during and in relation to a crime of violence and possession of a firearm after having previously been convicted of a felony. See Indictment (Doc. #8). After a detention hearing, Magistrate Judge David J. Waxse ordered that defendant be detained pending trial. See Order Of Detention Pending Trial (Doc. #7) filed November 4, 2009.

## Standard of Review

A defendant may seek review of a magistrate judge's order of detention. See 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts

and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

### Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

-2-

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community"). The burden of production on the defendant to overcome the presumption is not a heavy one, but the defendant must produce some evidence. Stricklin, 932 F.2d at 1354-55. Even if the presumption is overcome, the presumption remains a factor in the Court's detention decision. See United States v. Johnson, 123 Fed. Appx. 377, 379 (10th Cir. 2005). Ultimately, the burden of persuasion is always on the government. Id.

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Because a grand jury indictment charges defendant with offenses for which the maximum sentence is life imprisonment (Count 1: kidnapping and Count 2: using firearm in commission of crime of violence and during commission of drug trafficking offense) and an offense under section 841(a)(1) (possession with intent to distribute 5 grams or more of crack cocaine) which carries a maximum

term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, it raises the rebuttable presumptions of risk of flight and danger to the community. See United States v. Martinez, No. 99-40095-01-SAC, 1999 WL 1268376, at *3 (D. Kan. Nov. 3, 1999).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in the particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Id. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)). The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## <u>Analysis</u>

The Court incorporates the record of the proceedings conducted by the magistrate judge.

## I.      **Nature And Circumstances Of The Offense**

As noted, several of the counts against defendant trigger the rebuttable presumption for detention. Accordingly, this factor favors detention.

## II.     **Weight Of The Evidence**

At the detention hearing, the government proffered strong evidence that defendant committed the crimes charged. Much of this evidence is outlined in the criminal complaint which the Court incorporates by reference. See <u>Criminal Complaint</u> (Doc. #1) filed October 30, 2009. Defendant has offered no evidence to dispute the charges. The weight of evidence favors detention.

## III.     **History And Characteristics Of Defendant**

Defendant is 29 years old. He has resided in the Kansas City metropolitan area his entire life. He appears to have strong family ties to Kansas City, Kansas. His mother and three siblings all reside in Kansas City, Kansas. Defendant has no record of legitimate employment.

Defendant has an extensive criminal history. As a juvenile, defendant was charged with some 16 offenses including battery at the age of 12 as well as subsequent charges for criminal use of weapons and theft. At the age of 18, defendant pled guilty to two counts of aggravated battery and felony theft. The state court sentenced defendant to 43 months in prison but granted probation. Within months, defendant was charged with resisting an officer (5-15-99) and resisting or interfering with arrest (5-19-99) and attempted aggravated battery and possession of cocaine. The state court revoked defendant's probation on the aggravated battery and theft charge and re-instated his sentence of 43 months in prison. On January 14, 2000, the state court also sentenced defendant to

50 months in prison on the aggravated battery and cocaine charges. Ten days later, defendant escaped from custody. Law enforcement officers arrested defendant the next day and a jury found him guilty of aggravated escape from custody. The state court sentenced defendant to 19 months in prison to run consecutive to his prior sentences. On July 9, 2008, the Kansas Department of Corrections released defendant on parole. Since his release, he has been charged with obstructing an officer (10-19-08), a parole violation (2-27-09) and two instances of aggravated assault (4-5-09 and 8-5-09).

Defendant's past behavior suggests that he would be a high risk of flight if the Court were to release him on bond. See Johnson, 123 Fed. Appx. at 379 (affirming detention decision which found that defendant was flight risk because he failed to appear four times in three other court proceedings). In these circumstances, the Court finds that despite his family ties to Kansas City, Kansas, defendant presents a significant risk of flight.

## IV.    Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Based on his extensive criminal history and use of firearms, defendant poses a high risk of physical danger to the community. In addition, the government has shown a risk that defendant will commit additional crimes involving firearms and drug distribution which is sufficient to detain him. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). Based on his prior conduct, the Court cannot predict that defendant would abandon his criminal activities.

## V.     Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will appear on the charges.  The government has carried its burden of proving that pretrial detention of defendant is warranted because he is a risk of flight and a danger to the community.

**IT IS THEREFORE ORDERED** that defendant's Motion For Review of Detention Order (Doc. #15) filed December 22, 2009 be and hereby is **OVERRULED**.  Defendant shall remain detained pending trial.

Dated this 12th day of January, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge