IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | No. 09-20152-01-KHV |
| | ) | |
| JASON E. FRAZIER, | ) | CIVIL ACTION |
| | ) | No. 13-2040-KHV |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On July 2, 2010, a jury found defendant guilty of kidnapping; using and carrying a firearm in furtherance of a drug trafficking crime; possession with intent to distribute five or more grams of crack cocaine; and being a felon in possession of a firearm.  On October 13, 2010, the Court sentenced defendant to life in prison.  On August 19, 2016, the Court overruled defendant's motion to vacate under 28 U.S.C. § 2255 and denied a certificate of appealability.  See Memorandum And Order (Doc. #126).  On March 11, 2016, defendant filed an Interlocutory Appeal Of Denial Of 2255 Motion To Vacate Or In The Alternative Motion To Reopen 2255 Motion To Vacate To Add A Jurisdictional Challenge (Doc. #128), which the Court construes as a notice of appeal, motion to file a second or successive Section 2255 motion and a motion to reopen the time to file an appeal.  On April 7, 2016, the Tenth Circuit Court of Appeals dismissed defendant's appeal because it was filed more than 60 days after entry of judgment.  See Order (Doc. #132).  For reasons stated below, the Court overrules defendant's motion to file a second or successive Section 2255 motion and motion to reopen the time to file an appeal.

**Analysis**

### I.       Motion To File A Second Or Successive Section 2255 Motion

Defendant asks the Court to reinstate his Section 2255 motion so that he can add claims that

(1) the Court lacked jurisdiction because municipal police officers, not federal agents, arrested him

and (2) trial and habeas counsel provided ineffective assistance because they did not raise this

argument or allow defendant to testify on this issue.  Doc. #128 at 2.   Once the Court enters

judgment on a Section 2255 motion, a party cannot file an amended complaint until the Court sets

aside or vacates judgment under Rules 59(e) or 60(b), Fed. R. Civ. P.  United States v. Graham, 531

F. App'x 929, 931 (10th Cir. 2013); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

Moreover, the Court treats a motion to amend to add a new claim that is filed after entry of judgment

on the original Section 2255 motion as a second or successive Section 2255 motion.  Graham, 531

F. App'x at 931; Nelson, 465 F.3d at 1148-49; see also Spitznas v. Boone, 464 F.3d 1213, 1215

(10th Cir. 2006) (Rule 60(b) motion should be treated as second or successive § 2255 motion "if it

in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying

conviction"); United States v. Preciado-Quinonez, 53 F. App'x 6, 7 (10th Cir. 2002) (after final

judgment, pleading challenging adequacy of indictment deemed motion under Section 2255).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not

file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate

court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C.

§§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the

required authorization, the district court may (1) transfer the motion to the appellate court if it

determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion

for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has

discretion in deciding whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465

F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the

claims would be time barred if filed anew in the proper forum, whether the claims are likely to have

merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time

of filing that the Court lacked the requisite jurisdiction.  Id. at 1223 n.16.

Because it appears that defendant's proposed claims do not satisfy the statutory exception

for successive motions, the Court overrules the motion rather than transferring it to the Tenth Circuit.

See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face

to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir.

1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or

successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals

certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light

of the evidence as a whole would establish by clear and convincing evidence that no reasonable

factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable.  28 U.S.C. § 2255(h).  Here, defendant does not assert newly discovered evidence or

a new rule of constitutional law.  Accordingly, the Court declines to transfer the present motion to

the Tenth Circuit Court of Appeals.

**II.     Motion To Reopen The Time To File An Appeal**

The Court may reopen the time to file an appeal in limited circumstances.  See Fed. R. App.

P. 4.6 (district court may reopen time to file appeal only if movant did not receive notice of judgment

or order within 21 days after entry; motion to reopen filed within 180 days after judgment or order entered or within seven days after moving party receives notice under Rule 77(d) of entry, whichever is earlier; and no party prejudiced).  Rule 4(a)(6) "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." Advisory Committee Notes to 1991 Amendment; see Baughman v. Ward, 178 F. App'x 810, 812 (10th Cir. 2006); Servants of Paraclete v. Does, 204 F.3d 1005, 1009-10 (10th Cir. 2000).  On August 19, 2015, the Court entered judgment on defendant's motion.  See Judgment In A Civil Action (Doc. #1) filed in D. Kan. No. 13-2040-KHV.  Defendant does not specifically state when he received notice of the order or judgment denying his Section 2255 motion.  In any event, because defendant did not file his motion to reopen within 180 days after the Court entered the order and judgment, the Court lacks authority to reopen the time to appeal.  See Fed. R. App. P. 4.6.

**IT IS THEREFORE ORDERED** that defendant's Interlocutory Appeal Of Denial Of 2255 Motion To Vacate Or In The Alternative Motion To Reopen 2255 Motion To Vacate To Add A Jurisdictional Challenge (Doc. #128) filed March 11, 2016, which the Court construes as a notice of appeal, motion to file a second or successive Section 2255 motion and a motion to reopen the time to file an appeal, be and hereby is **OVERRULED**.

Dated this 21st day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge