**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JASON E. FRAZIER,**<br><br>**Defendant.** | ) | **CRIMINAL ACTION**<br><br>**No. 09-20152-01-KHV** |

**MEMORANDUM AND ORDER**

A jury convicted defendant on charges of kidnapping, carrying a firearm in relation to a crime of violence, possessing with intent to distribute five grams or more of cocaine base and being a felon in possession of a firearm. On September 16, 2020, after the Court vacated defendant's original sentence of life in prison, the Court resentenced him to 262 months in prison. Neither party appealed. This matter is before the Court on defendant's pro se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #180) filed August 1, 2022. Defendant asserts three claims for relief: (1) under Borden v. United States, 141 S. Ct. 1817 (2021), his prior conviction for aggravated assault does not qualify as a crime of violence under the career offender enhancement of the Sentencing Guidelines, U.S.S.G. § 4B1.1(a); (2) under United States v. Taylor, 142 S. Ct. 2015 (2022), his prior conviction for attempted aggravated battery is not a crime of violence under the career offender enhancement; and (3) counsel provided ineffective assistance because they did not file an appeal after defendant notified him about Borden.[1] For reasons stated below, the Court overrules defendant's motion as to his two claims

[1] After the government failed to timely respond to defendant's motion, the Court (continued. . .)

based on Borden but appoints counsel for defendant and directs the parties to submit further briefing on his remaining claim based on Taylor.

**Factual Background**

On November 18, 2009, a grand jury indicted defendant on charges of (1) kidnapping in violation of 18 U.S.C. § 1201, (2) carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), (3) possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Indictment (Doc. #8). On July 2, 2010, a jury found defendant guilty on all counts. Verdict (Doc. #74). On October 13, 2010, the Court sentenced defendant to a controlling term of life in prison. Judgment In A Criminal Case (Doc. #93) at 2. The Tenth Circuit affirmed and the United States Supreme Court denied defendant's petition for a writ of certiorari. See United States v. Frazier, 429 F. App'x 730 (10th Cir. 2011), cert. denied, 565 U.S. 1171 (2012).

On March 2, 2020, in light of the Supreme Court decisions in Johnson v. United States, 135 S. Ct. 2251 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019), the Court vacated defendant's conviction for carrying a firearm in relation to a crime of violence. See Order (Doc. #154). On resentencing, the Court adopted the Second Amended Presentence Investigation

[1](. . .continued)
ordered it to show cause why the Court should not sustain defendant's motion and reduce his sentence to time served. See Order To Show Cause (Doc. #181) filed October 17, 2022. One day later, the government filed a response in opposition and explained that it missed the original deadline because of a calendaring error. See Government's Response To Order To Show Cause And Response In Opposition To Defendant's Motion To Vacate Sentence (Doc. #183) filed October 18, 2022. Because defendant has not shown any prejudice from the government's delay, the Court will consider the government's response to his motion to vacate.

Report ("Amended PSR") (Doc. #165) filed September 9, 2020. The Amended PSR determined that for purposes of criminal history, defendant qualified as a career offender under Section 4B1.1(a) of the Sentencing Guidelines because he had prior convictions for aggravated assault and attempted aggravated battery. Amended PSR (Doc. #165), ¶¶ 43, 59, 60. Based on a total offense level 34 and a criminal history category VI, defendant's guideline range was 262 to 327 months. The Court sentenced defendant to 262 months in prison.[2] Neither party appealed.

Kirk C. Redmond and Ann Sagan of the Office of the Federal Public Defender represented defendant at resentencing. Defendant asserts that at some point after June 20, 2021, he emailed counsel, asking whether the Supreme Court decision in Borden provided a colorable claim to appeal his sentence. Defendant claims that counsel did not reply.

On August 1, 2022, defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that (1) under the Supreme Court decision in Borden, his prior conviction for aggravated assault does not qualify as a crime of violence under Section 4B1.1 of the Guidelines; (2) under the Supreme Court decision in Taylor, his prior conviction for attempted aggravated battery is not a crime of violence under Section 4B1.1; and (3) counsel provided ineffective assistance because they did not file an appeal after defendant notified them about Borden.

**Legal Standards**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes

---

[2] The Court sentenced defendant to 262 months on the kidnapping count, 240 months on the drug count and 120 months on the felon-in-possession count, with all of the sentences to run concurrently.

that the proceedings which led to defendant's convictions were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must establish either (1) the district court lacked jurisdiction to enter the convictions and sentence, (2) the district court imposed a sentence outside of the statutory limits, (3) a constitutional error occurred and "had substantial and injurious effect or influence in determining the jury's verdict" or defendant's sentence, Brecht v. Abrahamson, 507 U.S. 619, 638 (1993), or (4) a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a complete miscarriage of justice, i.e. that rendered the entire proceeding irregular and invalid. United States v. Fields, 949 F.3d 1240, 1246 (10th Cir. 2019) (citing United States v. Addonizio, 442 U.S. 178, 185–86 (1979)).

**Analysis**

All of defendant's claims challenge the Court's determination that defendant qualified as a career offender under Section 4B1.1(a) of the Guidelines because he had prior convictions for aggravated assault and attempted aggravated battery. Amended PSR (Doc. #165), ¶¶ 43, 59, 60. Under the Guidelines, a defendant is a "career offender" if (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a "crime of violence" or a controlled substance offense. U.S.S.G. § 4B1.1(a). The Guidelines define a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson,

extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a).

## I. Relief Under Borden (Claim 1)

Defendant claims that under the Supreme Court decision in Borden, his prior conviction for aggravated assault does not qualify as a crime of violence. The government argues that Borden does not apply to defendant's aggravated assault conviction because under Kansas law, that conviction required proof of intentional conduct.

In Borden, the Supreme Court held that an offense with a mens rea of recklessness does not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), because it does not require the active employment of force against another person. 141 S. Ct. at 1834. After Borden, the Tenth Circuit held that reckless aggravated battery is not a "crime of violence" as defined in Section 4B1.2(a) of the Guidelines. United States v. Ash, 7 F.4th 962, 963 (10th Cir. 2021).

Defendant argues that under Borden, his conviction in 1998 for aggravated assault under Kansas law is not a crime of violence. See Amended PSR, ¶ 59. The Amended Information in that case charged that defendant "intentionally" placed another person in "reasonable apprehension of immediate bodily harm, committed with a deadly weapon, in violation of K.S.A. § 21-3410." Id. In 1998, K.S.A. § 21-3410 defined aggravated assault as "intentionally placing another person in reasonable apprehension of immediate bodily harm" committed (a) with a deadly weapon, (b) while disguised in any manner designed to conceal identity or (c) with intent to commit any felony. K.S.A. § 21-3410 (1995). Because defendant's conviction for aggravated assault with a

deadly weapon required proof of intentional conduct, Borden does not afford him relief.[3] The Court therefore overrules defendant's claim that under Borden, his conviction for aggravated assault does not qualify as a crime of violence.

**II. Ineffective Assistance of Counsel – Failure To Appeal (Claim 3)**

Defendant claims that counsel provided ineffective assistance because they did not file an appeal after defendant notified them about Borden. Because Borden does not impact the classification of defendant's aggravated assault conviction as a crime of violence, the Court liberally construes his claim to assert more broadly that counsel provided ineffective assistance in failing to appeal his career offender enhancement when defendant sent counsel an email about Borden.

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

Preliminarily, defendant cannot establish ineffective assistance of counsel because he has not shown that he had a right to counsel when he sent the email about Borden to former counsel. A defendant has no constitutional right to counsel for post-conviction consultation after the

---

[3] To the extent that defendant's claim under Borden could be read to challenge generally the classification of aggravated assault with a deadly weapon as a crime of violence, the Court rejects it. See United States v. Benton, 876 F.3d 1260, 1261 (10th Cir. 2017) (aggravated assault with deadly weapon under K.S.A. § 21-3410(a) (2006) is crime of violence under U.S.S.G. § 4B1.2(a)); United States v. Kendall, 876 F.3d 1264, 1271 (10th Cir. 2017) (assault with deadly or dangerous weapon is crime of violence) (citing United States v. Taylor, 843 F.3d 1215, 1220 (10th Cir. 2016)).

deadline to file an appeal has expired. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction). Neither party appealed the amended judgment which the clerk filed on October 8, 2020. When defendant sent an email to former counsel—some nine months or more after sentencing and the entry of judgment—he had no constitutional right to counsel.[4] See id.

Even if defendant had a right to counsel, he has not shown that counsel's failure to file an appeal after his inquiry about the career offender enhancement was prejudicial. In June of 2021, the deadline to file a notice of appeal had long expired and the Court lacked authority to grant a motion to extend the appeal deadline by some seven months. See Fed. R. App. P. 4(b)(4) (district court may extend deadline to file notice of appeal but "not to exceed 30 days from the expiration" of deadline otherwise prescribed under Rule 4(b)). At that stage, any attempt to appeal would have been untimely and therefore futile. Counsel's failure to file an appeal after defendant inquired about the career offender enhancement was not deficient or prejudicial.

For these reasons, the Court overrules defendant's claim that counsel provided ineffective assistance because they did not appeal the career offender enhancement after defendant notified them about Borden.

**III. Relief Under Taylor (Claim 2)**

Defendant claims that under Taylor, 142 S. Ct. 2015, his prior conviction for attempted

[4] Because the government did not appeal the amended judgment, the deadline for defendant to file an appeal was October 22, 2020. See Fed. R. App. P. 4(b)(1)(A). Upon a finding of excusable neglect or good cause, the Court could have extended the appeal deadline—but not beyond November 23, 2020. See Fed. R. App. P. 4(b)(4) (district court may extend appeal deadline but "not to exceed 30 days from the expiration" of deadline otherwise prescribed under Rule 4(b)).

aggravated battery is not a crime of violence. Apart from the reasoning in Taylor, which addressed whether a conviction for attempted Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), defendant's conviction for attempted aggravated battery no longer qualifies as a crime of violence under the career offender guideline. Recently, the Tenth Circuit held that aggravated battery under K.S.A. § 21-5413 (2020) is not a crime of violence under U.S.S.G. § 2K2.1(a)(4), which adopts the same definition for a "crime of violence" as used under the career offender guideline, U.S.S.G. § 4B1.2(a). United States v. Adams, 40 F.4th 1162, 1170–71 (10th Cir. 2022); see U.S.S.G. § 2K2.1, n.1 ("crime of violence" as used in this subsection has same meaning as given that term in § 4B1.2(a)). The Tenth Circuit held that because a conviction for aggravated battery under Kansas law can include battery when the victim is a fetus and federal sentencing guidelines require that a victim be born alive, a conviction under K.S.A. § 21-5413 is not a "crime of violence." Adams, 40 F.4th at 1170–71. Defendant's prior conviction for attempted aggravated battery was under a prior version of the statute, former K.S.A. § 21-3414 (2007). Even so, the former aggravated battery statute also defined a person to include a victim that is a fetus. See K.S.A. § 21-3452(d) (2007) ("person" as used in K.S.A. § 21-3414 includes an unborn child). Under current law, defendant's prior conviction for attempted aggravated battery under K.S.A. § 21-3414 therefore is not a crime of violence under U.S.S.G. § 4B1.2(a).

Even though attempted aggravated battery under Kansas law is not a crime of violence under current law, defendant is not necessarily entitled to relief under Section 2255. To determine whether defendant is entitled to relief, the Court must analyze several issues which the parties have not addressed in their memoranda, such as (1) whether defendant's two prior convictions for aggravated assault qualify as a single crime of violence under U.S.S.G. § 4B1.1(a), see U.S.S.G.

§ 4B1.1(a) (convictions do not count as separate offenses if they (a) resulted from offenses contained in the same charging instrument and (b) the state court imposed the sentences on the same day), and (2) assuming that under current law defendant has less than two prior convictions for a crime of violence under U.S.S.G. § 4B1.1(a), whether the Court can grant relief under 28 U.S.C. § 2255 based on his claim that he is legally innocent of the career offender enhancement—as opposed to a claim that he is factually innocent of the prior crimes. Because of the complexity of these legal issues, the Court appoints counsel to represent defendant and directs the parties to file supplemental memoranda which address defendant's remaining claim.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #180) filed August 1, 2022 is **OVERRULED** to the extent that defendant claims that (1) under Borden v. United States, 141 S. Ct. 1817 (2021), his prior conviction for aggravated assault does not qualify as a crime of violence under Section 4B1.1 of the Sentencing Guidelines and (2) counsel provided ineffective assistance because he did not file an appeal after defendant notified him about Borden. The Court defers consideration of defendant's remaining claim that under United States v. Taylor, 142 S. Ct. 2015 (2022), his prior conviction for attempted aggravated battery is not a crime of violence under Section 4B1.1 of the Sentencing Guidelines.

**IT IS FURTHER ORDERED that on or before January 6, 2023, if the Office of the Federal Public Defender can do so consistent with relevant cannons of ethics, it shall enter an appearance for defendant on his remaining claim in his pro se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #180) filed August 1, 2022. If the Office of the Federal Public Defender is unable to enter an appearance, the**

**Court will appoint counsel from the CJA panel.**

**IT IS FURTHER ORDERED that within 30 days of defense counsel's entry of appearance, defendant shall file a supplemental memorandum in support of his pro se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #180) filed August 1, 2022. Within 30 days of defendant's supplemental memorandum, the government shall file a response. Within 14 days of the government's response, defendant may file a reply.**

**The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.**

Dated this 23rd day of December, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge