## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 09-20152-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| JASON E. FRAZIER, | ) | **No. 22-2304-KHV** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

A jury convicted defendant on charges of kidnapping, carrying a firearm in relation to a crime of violence, possessing with intent to distribute five grams or more of cocaine base and being a felon in possession of a firearm.   On September 16, 2020, after the Court vacated defendant's conviction for carrying a firearm in relation to a crime of violence and his original sentence of life in prison, the Court resentenced him to 262 months.   This matter is before the Court on defendant's pro se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #180) filed August 1, 2022.   On December 23, 2022, the Court overruled defendant's motion as to his claims that (1) under Borden v. United States, 141 S. Ct. 1817 (2021), his prior conviction for aggravated assault does not qualify as a crime of violence under Section 4B1.1 of the Sentencing Guidelines and (2) counsel provided ineffective assistance because he did not file an appeal after defendant notified him about Borden.   See Memorandum And Order (Doc. #186) at 9.   The Court ordered further briefing on defendant's remaining claim that under United States v. Taylor, 142 S. Ct. 2015 (2022), his prior conviction for attempted aggravated battery is not a crime of violence under Section 4B1.1 of the Sentencing Guidelines. See id. at 8–10.   For reasons stated below, the Court overrules defendant's motion as to his

remaining claim based on <u>Taylor</u> and denies a certificate of appealability.

**Factual Background**

On November 18, 2009, a grand jury indicted defendant on charges of (1) kidnapping in violation of 18 U.S.C. § 1201, (2) carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), (3) possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).   <u>Indictment</u> (Doc. #8).   On July 2, 2010, a jury found defendant guilty on all counts.   <u>Verdict</u> (Doc. #74).   On October 13, 2010, the Court sentenced defendant to a controlling term of life in prison.   <u>Judgment In A Criminal Case</u> (Doc. #93) at 2.   The Tenth Circuit affirmed and the United States Supreme Court denied defendant's petition for a writ of certiorari.   <u>See</u> <u>United States v. Frazier</u>, 429 F. App'x 730 (10th Cir. 2011), <u>cert. denied</u>, 565 U.S. 1171 (2012).

On March 2, 2020, in light of the Supreme Court decisions in <u>Johnson v. United States</u>, 576 U.S. 591 (2015), and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), the Court vacated defendant's conviction for carrying a firearm in relation to a crime of violence.   <u>See</u> <u>Order</u> (Doc. #154).   On resentencing, the Court adopted the <u>Second Amended Presentence Investigation Report</u> ("Amended PSR") (Doc. #165) filed September 9, 2020.   The Amended PSR determined that for purposes of criminal history, defendant qualified as a career offender under Section 4B1.1(a) of the Sentencing Guidelines because he had prior convictions for aggravated assault and attempted aggravated battery.   Amended PSR (Doc. #165), ¶¶ 43, 59, 60.   Based on a total offense level 34 and a criminal history category VI, defendant's guideline range was 262 to

327 months.   The Court sentenced defendant to 262 months.[1]   Neither party appealed.

On August 1, 2022, defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.   Defendant asserts that (1) under the Supreme Court decision in <u>Borden</u>, his prior conviction for aggravated assault does not qualify as a crime of violence under Section 4B1.1 of the Guidelines; (2) counsel provided ineffective assistance because they did not file an appeal after defendant notified them about <u>Borden</u>; and (3) under the Supreme Court decision in <u>Taylor</u>, his prior conviction for attempted aggravated battery is not a crime of violence under Section 4B1.1.   On December 23, 2022, the Court overruled defendant's first two claims.   <u>See Memorandum And Order</u> (Doc. #186) at 9.   As to his claim under <u>Taylor</u>, the Court ordered supplemental briefing.   <u>See</u> <u>id.</u> at 8–10.

## Legal Standards

The standard of review of Section 2255 petitions is quite stringent.   The Court presumes that the proceedings which led to defendant's convictions were correct.   <u>See</u> <u>Klein v. United States</u>, 880 F.2d 250, 253 (10th Cir. 1989).   To prevail, defendant must establish either (1) the district court lacked jurisdiction to enter the convictions and sentence, (2) the district court imposed a sentence outside of the statutory limits, (3) a constitutional error occurred and "had substantial and injurious effect or influence in determining the jury's verdict" or defendant's sentence, <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993), or (4) a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in

---

[1]      The Court sentenced defendant to 262 months on the kidnapping count, 240 months on the drug count and 120 months on the felon-in-possession count, with the sentences to run concurrently.

a complete miscarriage of justice, i.e. that rendered the entire proceeding irregular and invalid. United States v. Fields, 949 F.3d 1240, 1246 (10th Cir. 2019) (citing United States v. Addonizio, 442 U.S. 178, 185–86 (1979)).

<u>**Analysis**</u>

All of defendant's claims challenge the Court's determination at resentencing that defendant qualified as a career offender under Section 4B1.1(a) of the Guidelines because he had prior convictions for aggravated assault and attempted aggravated battery.   Amended PSR (Doc. #165), ¶¶ 43, 59, 60.   Under the Guidelines, a defendant is a "career offender" if (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a "crime of violence" or a controlled substance offense.   U.S.S.G. § 4B1.1(a).   The Guidelines define a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."   U.S.S.G. § 4B1.2(a).

As noted, the Court previously rejected defendant's claim that his two convictions for aggravated assault do not qualify as crimes of violence under the Guidelines.   In his remaining claim, defendant asserts that under Taylor, his prior conviction for attempted aggravated battery is not a crime of violence and that the Court therefore should resentence him.   As the Court explained in its prior order, apart from the reasoning in Taylor, defendant's prior conviction for

attempted aggravated battery under K.S.A. § 21-3414 is not a crime of violence under U.S.S.G. § 4B1.2(a).   See Memorandum And Order (Doc. #186) at 7–8; see also United States v. Adams, 40 F.4th 1162, 1170–71 (10th Cir. 2022) (because conviction for aggravated battery under Kansas law can include battery when victim is fetus and federal sentencing guidelines require that victim be born alive, conviction under K.S.A. § 21-5413 not "crime of violence"); U.S.S.G. § 2K2.1, n.1 ("crime of violence" as used in this subsection has same meaning as given that term in § 4B1.2(a)). In addition, as the government concedes, because the state court imposed sentence at the same time on defendant's two prior offenses for aggravated assault and the offenses were included in the same charging instrument, he has only one qualifying conviction for a "crime of violence." U.S.S.G. § 4B1.1(a) (convictions do not count as separate offenses if they (a) resulted from offenses contained in the same charging instrument and (b) the state court imposed the sentences on the same day).

If sentenced today, because defendant has only a single prior conviction for a "crime of violence," the Guidelines would not classify him as a career offender.   U.S.S.G. § 4B1.1(a). Absent career offender status, his offense level would remain at 34, but his criminal history category would be reduced from VI to V.   As a result, his guideline range would now be 235 to 293 months.

As noted above, at resentencing in 2020, the Court sentenced defendant to 262 months, which was the low end of the guideline range of 262 to 327 months.   The government argues that even if the Court misapplied the career offender guideline, he is not entitled to a sentencing reduction because his current sentence of 262 months falls within the revised guideline range of 235 to 293 months.   Government's Response To Order To Show Cause And Response In

Opposition To Defendant's Motion To Vacate Sentence (Doc. #183) filed October 18, 2022 at 10–11.   Defendant argues that the sentence of 262 months is procedurally unreasonable because the Court started its analysis from an incorrectly calculated guideline range.   Supplemental Motion In Support Of Jason Frazier's Pro Se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #200) filed July 31, 2023 at 9–10.   Neither party directly addresses whether defendant's claim alleges an error which warrants relief under Section 2255.[2] Defendant alleges a non-constitutional sentencing error which involves the calculation of the guideline range, and he does not assert that his sentence exceeded statutory limits.   See United States v. Trinkle, 509 F. App'x 700, 702 (10th Cir. 2013) (claim that prior crime not one of violence under U.S.S.G. § 4B1.2(a)(1) is claim of non-constitutional sentencing error). Therefore, he must establish that the error was a "fundamental defect which resulted in a complete miscarriage of justice."   Addonizio, 442 U.S. at 185–86.   For reasons explained below, defendant cannot satisfy this standard.

The remedies available in a Section 2255 proceeding are comprehensive, but they do not encompass all claimed errors in conviction and sentencing.   Id. at 185.   In other words, an error

---

[2]     The Court directed the parties to file supplemental briefs addressing the issue "whether the Court can grant relief under 28 U.S.C. § 2255 based on [defendant's] claim that he is legally innocent of the career offender enhancement—as opposed to a claim that he is factually innocent of the prior crimes."   Memorandum And Order (Doc. #186) at 9.   Both parties addressed this issue only in the context of whether defendant is procedurally barred from asserting his claim, not whether the Court has authority to grant relief under Section 2255.   Compare Bousley v. United States, 523 U.S. 614, 623 (1998) (to show actual innocence sufficient to overcome procedural default, petitioner must show "factual innocence, not mere legal insufficiency") with Spencer v. United States, 773 F.3d 1132, 1138–39 (11th Cir. 2014) (en banc) (relief warranted on collateral review only if petitioner can establish that sentencing error constitutes "fundamental defect" because he is actually innocent of crime, prior conviction used to enhance sentence has been vacated or sentence exceeded statutory maximum).

that may justify reversal on direct appeal does not necessarily establish grounds to vacate a judgment on collateral attack. See id. at 184; see also United States v. Hoskins, 905 F.3d 97, 104 n.8 (2d Cir. 2018) (Section 2255's "complete miscarriage of justice" standard is higher than "significant risk of a higher sentence" standard that applies on direct appeal). For example, in the context of determining harmless error on direct appeal, when "a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 578 U.S. 189, 198 (2016). In contrast, to warrant relief under Section 2255, defendant must show that a non-constitutional sentencing error constituted a "fundamental defect which inherently resulted in a complete miscarriage of justice, i.e. that rendered the entire proceeding irregular and invalid." Fields, 949 F.3d at 1246 (citing Addonizio, 442 U.S. at 185–86).

A complete miscarriage of justice does not result from a lawful sentence. See Addonizio, 442 U.S. at 186–87. For the length of a term of imprisonment to be lawful, it must be less than the statutory maximum term for the offense. Id. at 187 (Section 2255 does not provide relief for sentencing error where sentence was "lawful" under all objective criteria—federal jurisdiction, Constitution and federal law); cf. United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004) (for purposes of appellate waiver, miscarriage of justice occurs if sentence exceeds statutory maximum). Defendant's erroneous classification as a career offender under the advisory Guidelines is insufficient to establish a fundamental defect which "rendered the entire proceeding irregular and invalid." Fields, 949 F.3d at 1246 (citing Addonizio, 442 U.S. at 185–86); see United States v. Blackwell, 127 F.3d 947, 954 (10th Cir. 1997) (misinformation alone cannot

constitute fundamental defect; only "misinformation of constitutional magnitude" is cognizable under § 2255; any misapprehension of sentencing court about actual disparity of sentences of similarly situated offenders did not result in complete miscarriage of justice) (quoting <u>Addonizio</u>, 442 U.S. at 187)); <u>see also</u> <u>Snider v. United States</u>, 908 F.3d 183, 191 (6th Cir. 2018) (career designation may have affected ultimate sentence imposed, but it did not affect lawfulness of sentence itself—then or now (citing <u>Addonizio</u>, 442 U.S. at 187)).[3]   Because defendant's sentence of 262 months is well below the statutory maximum of life for the offense of kidnapping, he cannot show that any error in the guideline range calculation resulted in a miscarriage of justice.

Even if a miscarriage of justice could result solely from an incorrect guideline range calculation under the advisory Guidelines, the Court would not find any such injustice here.   At most, defendant has shown that the Guidelines no longer consider his prior offense for attempted aggravated battery to be a violent crime, which would render his sentence procedurally unreasonable.   Again, the PSR originally classified defendant's conviction for attempted aggravated battery as a crime of violence.   Under current law, however, because a hypothetical defendant could have been guilty of such a crime even if he or she had committed the crime against a victim that was a fetus, the advisory Guidelines—which require that the victim be born alive— do not consider the offense a "crime of violence."   <u>See</u> <u>Adams</u>, 40 F.4th at 1170–71 (because conviction for aggravated battery under Kansas law can include battery when victim is fetus and

---

[3]        Unless a sentence exceeds the statutory maximum or a prior conviction has been vacated, a sentencing court's error in classifying a defendant as a career offender under the advisory Guidelines is not a fundamental defect resulting in a complete miscarriage of justice. <u>See, e.g.</u>, <u>United States v. Folk</u>, 954 F.3d 597, 604–05 (3d Cir. 2020); <u>Snider</u>, 908 F.3d at 191; <u>United States v. Foote</u>, 784 F.3d 931, 939–40 (4th Cir. 2015); <u>Spencer</u>, 773 F.3d at 1138–39, 1143–44.

federal sentencing guidelines require that victim be born alive, conviction under K.S.A. § 21-5413 not "crime of violence").   Defendant does not argue that his 1999 conviction was not in fact based on "violent conduct," as any reasonable person would understand that phrase.   Indeed, the factual circumstances of the 1999 offense seem to describe a completed crime of aggravated battery and the even more serious crime of attempted murder.   See PSR (Doc. #165), ¶ 60 (defendant struck victim in head with firearm, then shot victim in abdomen).   Even at resentencing in 2020, defendant conceded that before his current term of imprisonment, he was a "really violent" person. Transcript Of Resentencing (Doc. #177) at 42.   Given the violent nature of defendant's conduct underlying his conviction for aggravated battery, his admitted violent conduct generally and the fact that his revised sentence fell within the correct guideline range, defendant has not established that he suffered a "complete miscarriage of justice" from the Court's classification of his conviction as a crime of violence under the advisory Guidelines.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief.   Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.   Accordingly, no evidentiary hearing is required.   See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle

him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).[4]   To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).   For reasons stated above and in the Court's Memorandum And Order (Doc. #186) filed December 23, 2022, the Court finds that defendant has not satisfied this standard.   The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

IT IS THEREFORE ORDERED that defendant's pro se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #180) filed August 1, 2022 is OVERRULED.

IT IS FURTHER ORDERED that a certificate of appealability as to the ruling on defendant's Section 2255 motion is DENIED.

Dated this 6th day of September, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4]      The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.   See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).