IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 09-20152-01-KHV |
| ) | |
| JASON E. FRAZIER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

A jury convicted defendant on charges of kidnapping, carrying a firearm in relation to a crime of violence, possessing with intent to distribute five grams or more of cocaine base and being a felon in possession of a firearm. On September 16, 2020, after the Court vacated defendant's conviction for carrying a firearm in relation to a crime of violence and his original sentence of life in prison, the Court resentenced him to 262 months. This matter is before the Court on defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #203) filed October 29, 2023, which the Court construes in part as a second or successive motion to vacate under 28 U.S.C. § 2255. For reasons stated below, the Court overrules in part and dismisses in part defendant's motion and denies a certificate of appealability.

**Factual Background**

On November 18, 2009, a grand jury indicted defendant on charges of (1) kidnapping in violation of 18 U.S.C. § 1201, (2) carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), (3) possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Indictment (Doc. #8).   On July 2, 2010, a jury found defendant guilty on

all counts.  Verdict (Doc. #74).  On October 13, 2010, the Court sentenced defendant to a controlling term of life in prison.  Judgment In A Criminal Case (Doc. #93) at 2.  The Tenth Circuit affirmed and the United States Supreme Court denied defendant's petition for a writ of certiorari.  See United States v. Frazier, 429 F. App'x 730 (10th Cir. 2011), cert. denied, 565 U.S. 1171 (2012).

On March 2, 2020, in light of the Supreme Court decisions in Johnson v. United States, 576 U.S. 591 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019), the Court vacated defendant's conviction for carrying a firearm in relation to a crime of violence.  See Order (Doc. #154).  On resentencing, the Court adopted the Second Amended Presentence Investigation Report ("Amended PSR") (Doc. #165) filed September 9, 2020.  The Amended PSR determined that for purposes of criminal history, defendant qualified as a career offender under Section 4B1.1(a) of the Sentencing Guidelines because he had prior convictions for aggravated assault and attempted aggravated battery.  Id., ¶¶ 43, 59, 60.  Based on a total offense level 34 and a criminal history category VI, defendant's guideline range was 262 to 327 months.  The Court sentenced defendant to 262 months.[1]  Neither party appealed.

On August 1, 2022, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Defendant asserted that he no longer qualified as a career offender under the Guidelines because his prior convictions for aggravated assault and aggravated battery no longer qualify as crimes of violence under the Guidelines.  The Court overruled defendant's motion and denied a

---

[1] The Court sentenced defendant to 262 months on the kidnapping count, 240 months on the drug count and 120 months on the felon-in-possession count, with the sentences to run concurrently.

certificate of appealability.  See Memorandum And Order (Doc. #202) filed September 6, 2023; Memorandum And Order (Doc. #186) filed December 23, 2022.  Defendant did not appeal.

Under 18 U.S.C. § 3582(c)(1)(A)(i), defendant now asks the Court to reduce his sentence to 235 months, the low end of the guideline range absent the career offender enhancement.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).  Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

**I.        Jurisdiction Under 18 U.S.C. § 3582(c)(1)(A)(i) For Section 2255-Type Claims**

Defendant seeks compassionate release because he no longer qualifies as a career offender under the Guidelines, and he can demonstrate post-sentencing rehabilitation.  Initially, the Court examines whether it has jurisdiction to consider defendant's challenge to his career offender status under the compassionate release statute.

Section 2255 is the exclusive remedy to test the validity of "a judgment and sentence."  Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965).  Under Section 3582(c)(1)(A)(i), however, the Court lacks jurisdiction to consider "§ 2255-like claims" such as errors in a defendant's

conviction or sentence.  United States v. Wesley, 60 F.4th 1277, 1288 (10th Cir.), reh'g en banc denied, 78 F.4th 1221 (2023), cert. pet. filed, (U.S. Dec. 28, 2023).  When a federal prisoner asserts a claim that, if true, would mean "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," the claim is governed by Section 2255.  Id. (citation omitted).  If a defendant attempts to raise "§ 2255-like claims" in a compassionate release motion, the Court must treat such a motion as a Section 2255 motion.  Id.

On July 20, 2022, in United States v. Adams, 40 F.4th 1162, the Tenth Circuit held that because a conviction for aggravated battery under Kansas law can include battery when the victim is a fetus and federal sentencing guidelines require that a victim be born alive, a conviction under K.S.A. § 21-5413 is not a "crime of violence" under the federal guidelines.  40 F.4th at 1170–71. Under Section 2255, defendant argued that in light of the Tenth Circuit's decision in Adams, the Court incorrectly calculated his guideline range.  The Court denied relief because defendant did not establish that he suffered a "complete miscarriage of justice" from the erroneous classification of his conviction as a crime of violence under the advisory Guidelines.[2]  Memorandum And Order (Doc. #202) at 9.

Now, under the compassionate release statute and again citing Adams, defendant argues that the Court's erroneous calculation of the guideline range constitutes an extraordinary and compelling reason for a reduced sentence.  Because Adams was not a change in law, but merely

---

[2] In defendant's Section 2255 motion, he did not assert that at resentencing, counsel provided ineffective assistance in failing to challenge the career offender designation.

a clarification of law existing at the time of resentencing, defendant's challenge had to be raised in a motion to vacate sentence under Section 2255.[3]  See Wesley, 60 F.4th at 1283; see also United States v. Robinson, No. 21-7065, 2023 WL 5607511, at *3 (10th Cir. Aug. 30, 2023) (claim that necessarily relies on showing that defendant would have received different sentence today "because post-sentencing developments show that his sentence was erroneous" cannot be basis for compassionate release; such relief can only come through Section 2255) (citing Wesley, 60 F.4th at 1283).  The Court therefore lacks jurisdiction to consider whether defendant's erroneous classification as a career offender is an extraordinary and compelling reason for relief under the compassionate release statute.  See United States v. Sears, No. 22-3267, 2023 WL 5570772, at *3 (10th Cir. Aug. 29, 2023) (district court lacked jurisdiction over argument in compassionate release motion that sentencing court erroneously treated prior convictions as serious violent felonies) (citing Wesley, 60 F.4th at 1289).

## II.     Relief Under 28 U.S.C. § 2255

Because the Court lacks jurisdiction to consider defendant's challenge to his career offender classification under the compassionate release statute, the Court construes it as a second or successive Section 2255 motion.  See Wesley, 60 F.4th at 1288; see also United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion second or successive if it attacks conviction or sentence when prior motion did so).  Pursuant to the Antiterrorism and Effective

---

[3]     As defendant noted in his supplemental memorandum in support of his Section 2255 motion, Adams "constitutes an explanation of what th[e] law has always meant, [and] just one clear conclusion may be drawn: Mr. Frazier is not a career offender, *nor was he a career offender at the time of his sentencing in 2020*."  Supplemental Motion In Support Of Jason Frazier's Pro Se Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (Doc. #200) filed July 31, 2023 at 9 (emphasis added).

Death Penalty Act of 1996, defendant may not file a second or successive motion under Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222–23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction.  Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claim does not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which on face does not satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial

resources to require transfer of frivolous, time-barred cases).

Here, defendant does not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law. Rather, defendant raises a claim that he asserted or could have asserted at resentencing, on direct appeal or in his initial Section 2255 motion. Accordingly, the Court declines to transfer the present motion to the court of appeals.

**III.    Certificate Of Appealability**

The Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11 of Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[4] 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IV.    Motion For Compassionate Release**

Defendant seeks relief based on his challenge to career offender status "combined with his post-sentencing rehabilitation." Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #203) at 1. Again, the Court lacks jurisdiction to consider defendant's

---

[4]    The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

challenge to the career offender enhancement.  Furthermore, rehabilitation alone is not an extraordinary and compelling reason for relief.  See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitute reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").  The Court therefore overrules defendant's motion for compassionate release.

Even if the Court had jurisdiction to consider defendant's argument that his career offender status and rehabilitation warrant compassionate release, it would deny relief.  The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.[5]  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).

As the Court noted in ruling on defendant's Section 2255 motion, he did not establish that the incorrect guideline range calculation constituted a miscarriage of justice in his case.  See Memorandum And Order (Doc. #202) at 8–9.  For substantially the same reasons, defendant has not shown that his classification as a career offender is an extraordinary and compelling reason to reduce his sentence.  The advisory Guidelines do not classify defendant's conviction for

---

[5] On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants.  U.S.S.G. § 1B1.13(b).  At the time that defendant filed his motion on October 29, 2023, however, the Sentencing Commission had not issued an "applicable" policy statement for defense motions.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  The Court need not decide whether the most recent policy statement applies to defendant's motion.  Defendant has not shown an extraordinary and compelling reason for a reduced sentence or that the Section 3553(a) factors warrant relief under the law before or after November 1, 2023.

attempted aggravated battery as a "crime of violence" because a hypothetical defendant could have committed the crime against a victim that was a fetus. See id. at 8. Of course, defendant does not contend that his conviction involved a crime against a fetus or that his conduct was not "violent" as reasonable persons would understand that term. See Amended PSR (Doc. #165), ¶ 60 (defendant struck victim in head with gun before shooting victim in abdomen). Even at resentencing in 2020, defendant conceded that before his current term of imprisonment, he was a "really violent" person. Transcript Of Resentencing (Doc. #177) at 42. Given the violent nature of defendant's conduct in committing aggravated assault and attempted aggravated battery, his admittedly violent conduct in general and the fact that his revised sentence of 262 months fell within the correct guideline range of 235 to 293 months, defendant has not established extraordinary and compelling reasons for a reduced sentence.

The factors under Section 3553(a) also do not support a reduced sentence. As explained at resentencing in 2020, a sentence of 262 months is consistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, defendant committed the crimes of kidnapping, possessing with intent to distribute five grams or more of cocaine base and being a felon in possession of a firearm. Defendant also has a significant criminal history. Defendant's convictions for aggravated assault in 1998 involved pointing a firearm at a victim and threatening to kill another victim. After one of the victims was scheduled to testify, she reported that defendant had called her and threatened to kill her and her family if she testified against him. Defendant's conviction for attempted aggravated battery involved violent conduct including shooting the victim in the abdomen. However the law classified these convictions, defendant was a violent person before his incarceration in this case.

attempted aggravated battery as a "crime of violence" because a hypothetical defendant could have committed the crime against a victim that was a fetus. See id. at 8. Of course, defendant does not contend that his conviction involved a crime against a fetus or that his conduct was not "violent" as reasonable persons would understand that term. See Amended PSR (Doc. #165), ¶ 60 (defendant struck victim in head with gun before shooting victim in abdomen). Even at resentencing in 2020, defendant conceded that before his current term of imprisonment, he was a "really violent" person. Transcript Of Resentencing (Doc. #177) at 42. Given the violent nature of defendant's conduct in committing aggravated assault and attempted aggravated battery, his admittedly violent conduct in general and the fact that his revised sentence of 262 months fell within the correct guideline range of 235 to 293 months, defendant has not established extraordinary and compelling reasons for a reduced sentence.

The factors under Section 3553(a) also do not support a reduced sentence. As explained at resentencing in 2020, a sentence of 262 months is consistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, defendant committed the crimes of kidnapping, possessing with intent to distribute five grams or more of cocaine base and being a felon in possession of a firearm. Defendant also has a significant criminal history. Defendant's convictions for aggravated assault in 1998 involved pointing a firearm at a victim and threatening to kill another victim. After one of the victims was scheduled to testify, she reported that defendant had called her and threatened to kill her and her family if she testified against him. Defendant's conviction for attempted aggravated battery involved violent conduct including shooting the victim in the abdomen. However the law classified these convictions, defendant was a violent person before his incarceration in this case.

The Court recognizes that defendant has served more than half of his term of imprisonment and has participated in a number of BOP programs. He apparently has made tremendous progress toward rehabilitation. Indeed, based on his outstanding efforts and remarkable progress in prison, the Court reduced his sentence from life to 262 months. Even so, on balance, defendant has not shown that the factors under Section 3553(a) support a further reduction of his sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #203) filed October 29, 2023, which the Court construes in part as a second or successive motion to vacate under 28 U.S.C. § 2255, is **OVERRULED to the extent that defendant seeks compassionate release based on his post-sentencing rehabilitation and DISMISSED to the extent that his motion constitutes a second or successive motion to vacate under 28 U.S.C. § 2255**.

**IT IS FURTHER ORDERED that the Court denies a certificate of appealability as to its ruling on defendant's Section 2255 motion**.

Dated this 8th day of January, 2024 at Kansas City, Kansas.

<div style="text-align:right">
s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
</div>